IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* EDMUND G. BROWN, JR.,K ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY; NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION; DEPARTMENT OF TRANSPORTATION; and OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendants.<br>_____/ | No. C 07-02055 JSW<br><br>**ORDER GRANTING MOTION FOR *VAUGHN* INDEX** |

Now before the Court is the motion filed by Plaintiff, the People of the State of California, by and through Plaintiff Edmund G. Brown Jr., Attorney General of the State of California ("Plaintiff") for an order requiring Defendants, Environmental Protection Agency, National Highway Safety Administration, Department of Transportation and Office of Management and Budget, ("collectively "Defendants") to provide a detailed justification for the allegations contained in their answers and in their earlier administrative denials that the requested documents are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552, *as amended*, ("FOIA"), together with itemized indices of the documents withheld that are the subject of this suit, indicating in detail, with respect to each document or segregable portion thereof, the nature of the information contained in it and the justification for

withholding it.  *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. Denied*, 415 U.S. 977 (1974).

## BACKGROUND

On July 18, 2006, Plaintiff requested from all Defendants requests under FOIA for records related to discussions, meetings and conferences related to California's regulation of motor vehicle carbon monoxide emission and preemption of such regulation.  (*See* Complaint at ¶¶ 8-10.)  On April 11, 2007, after exhausting its administrative remedies, Plaintiff filed this lawsuit to enforce its rights under FOIA.  The parties dispute whether Defendants have adequately and timely complied with Plaintiff's FOIA request.  Defendants have provided numerous responsive documents, some with redactions, and have withheld numerous documents claiming exemption under FOIA.  Defendants have, however, failed to provide a detailed justification of the bases for the exemptions claimed, whether by index or otherwise.  This failure has prompted the filing of the current motion.  Although Defendants concede they should but have not yet produced such an index, they contend Plaintiff's request is premature and overbroad.

## ANALYSIS

FOIA creates a presumption in favor of disclosure of government documents.  *Department of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976).  A governmental agency may withhold a particular document "*only* if the information contained in the document falls within one of the nine statutory exemptions to the disclosure requirements set forth in [5 U.S.C.] § 552(b)."  *Bowen v. U.S. Food and Drug Admin.*, 925 F.2d 1225, 1226 (9th Cir. 1991) (emphasis in original).  The exemptions are strictly construed and when an agency refuses to disclose any particular documents, the burden is on the agency to demonstrate that a FOIA exemption applies.  *Cal-Almond, Inc. v. U.S. Dept. of Agriculture*, 960 F.2d 105, 107 (9th Cir. 1992); 5 U.S.C. § 552(a)(4)(B); *Bowen*, 925 F.2d at 1226.

Ordinarily, the rules of discovery give each party access to the evidence upon which the court will rely in resolving the dispute between them.  Unlike ordinary civil cases, in a FOIA case the requester generally lacks the ability to challenge the agency's assertions of exemption.

2

1 "The party requesting disclosure must rely upon his adversary's representations as to the
2 material withheld, and the court is deprived of the benefit of informed advocacy to draw its
3 attention to the weaknesses in the withholding agency's arguments." *Wiener v. Federal Bureau*
4 *of Investigation*, 943 F.2d 972, 977 (9th Cir. 1991). This lack of knowledge and power distorts
5 the traditional adversary process, and skews the process in favor of the government. *Vaughn*,
6 484 F.3d at 824. "In recognition of this problem, government agencies seeking to withhold
7 documents requested under the FOIA have been required to supply the opposing party and the
8 court with a '*Vaughn* index,' identifying each document withheld, the statutory exemption
9 claim, and a particularized explanation of how disclosure of the particular document would
10 damage the interest protected by the claimed exemption." *Id.* (citations omitted). "The purpose
11 of the index is to 'afford the FOIA requester a meaningful opportunity to contest, and the
12 district court an adequate foundation to review, the soundness of the withholding." *Wiener*, 943
13 F.2d at 977, citing *King v. Dept. of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987).

14 There is no dispute that a *Vaughn* index is necessary in this case or that the Defendant
15 governmental agencies should provide one. However, the parties dispute the appropriate timing
16 of the production of the index and its scope. With regard to the timing of the production of the
17 index, there is some authority for the position maintained by the Defendants in this action that
18 courts have only required a *Vaughn* index be produced at the time of the government's filing of
19 its motion for summary judgment. *See, e.g., Stimac v. U.S. Dept. of Justice*, 620 F. Supp. 212,
20 213 (D.C.D.C. 1985) ("the preparation of a *Vaughn* index would be premature before the filing
21 of dispositive motions"); *see also Miscavige v. Internal Revenue Service*, 2 F.3d 366, 369 (11th
22 Cir. 1993) (FOIA cases generally should be handled on motions for summary judgment and
23 "plaintiff's early attempt in litigation of this kind to obtain a *Vaughn* Index and to take
24 discovery depositions is inappropriate until the government has first had the chance to provide
25 the court with the information necessary to make a decision on the applicable exemptions.").

26 However, considering the amount of time that has passed between the current motion
27 and the initial FOIA request, and the fact that the Defendants maintain they have already
28 produced responsive, non-exempt, documents over the interim thirteen months, the Court is

3

1 persuaded by authority to the contrary. In light of both the passage of time since the initial
2 request and the purpose of the *Vaughn* index to educate both the requester and the Court, the
3 Court finds it would be unfair to allow the Defendants months to prepare their case and then
4 force Plaintiff to formulate its entire case within the two weeks it has to respond to the motion.
5 *See Providence Journal Co. v. U.S. Dept. of the Army*, 769 F. Supp. 67, 69 (D. R.I. 1991)
6 (holding that the *Stimac* court and other courts allowing production of *Vaughn* index at the time
7 of the government's filing of dispositive motions state no rule and other courts have not
8 followed the same procedure, citing a number of cases to the contrary); *see also Wiener*, 943
9 F.2d at 977-78 (the "purpose of the index is to afford the FOIA requester a meaningful
10 opportunity to contest, and the district court an adequate foundation to review, the soundness of
11 the withholding. The index thus functions to restore the adversary process to some extent, and
12 to permit more effective judicial review of the agency's decision.") (citations and internal
13 quotation marks omitted); *see also Coastal States Gas Corp. v. Department of Energy*, 644 F.2d
14 969, 972 (3d Cir. 1981) (the FOIA statute embodies a policy of expedited handling of requests
15 for documents).

16 Accordingly, the Court GRANTS Plaintiff's motion for the production of a *Vaughn*
17 index. All defendants with the exception of the Department of Transportation shall produce
18 their *Vaughn* indices by no later than September 28, 2007. The Department of Transportation
19 shall have until October 10, 2007 to produce its index.

20 With reference to the scope of the index, Defendants contend that Plaintiff's request that
21 the index include "a specific claimed injury to defendant[s]" and an explanation "why the
22 public interest does not favor disclosure" for each document exempt from disclosure is
23 overbroad and not required under Ninth Circuit precedent. The defendant agencies are required
24 to do more than merely indicate that the withheld documents are of a type or category that are
25 generally excludable. Rather, the agency must describe "*each* document or portion thereof
26 withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-
27 after information." *King*, 830 F.2d at 224 (emphasis in original). Categorical description of
28 redacted material coupled with indication of anticipated consequences of disclosures is clearly

4

inadequate." *Id.* "Specificity is the defining requirement of the *Vaughn* index." *Id.* "Unless the agency discloses 'as much information as possible without thwarting the [claimed] exemption's purposes,' the adversarial process is necessarily compromised." *Wiener*, 943 F.2d at 979, quoting *King*, 830 F.2d at 224. The "purpose of the index is not merely to inform the requester of the agency's conclusion that a particular document is exempt from disclosure under one or more of the statutory exemptions, but to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." *Wiener*, 943 F.2d at 979. The index requires the identification of each document withheld, the statutory exemption claimed, and an explanation of how disclosure would damage the interest protected. *Schiffer v. Federal Bureau of Investigation*, 78 F.3d 1405, 1408 (9th Cir. 1996).

Accordingly, the Court ORDERS Defendants to produce a *Vaughn* index with sufficient specificity to comply with clear Ninth Circuit precedent. The parties agreed to the scope of the index at the oral argument on this motion. To the extent there is a dispute between the parties regarding the level of specificity in the description of each claimed exemption, the Court will address that dispute as it arises.

In addition, as discussed at the hearing on this motion, the parties shall meet and confer to devise a briefing schedule for cross-motions for summary judgment, providing that only four briefs are filed. The hearing on the motions shall be set for Friday, January 18, 2008 at 9:00 a.m. One party shall file its opening summary judgment motion by November 2, 2007. The other party shall file its opposition and cross-motion by November 16, 2007. The reply and opposition to the cross-motion shall be filed by November 30, 2007. The reply in support of the cross-motion shall be filed by December 14, 2007.

///
///
///
///
///

5

If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date. If the parties wish to modify this schedule, they may submit for the Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested.

**IT IS SO ORDERED.**

Dated:  August 27, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE